UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE KAPLAN

JOHN BURKE,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, POLICE OFFICER BRENDAN DOWD, Shield # 26663, POLICE OFFICER JOHN DOE # 1, POLICE OFFICER JOHN DOE # 2, POLICE OFFICERS JOHN DOE #s 3-10 and RICHARD ROE(s) (names and number of whom are unknown at present), and other unidentified members of the New York City Police Department, New York City Police Supervisors and Commanders,

Defendants

12 CV 3222

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED APR 24 2012 U.S.D.C. S.D.N.Y. CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff, JOHN BURKE, seeks relief for the Defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff was falsely arrested by the Defendants, members of the New York City Police Department (hereinafter "NYPD"), maliciously prosecuted, and subjected to excessive force. Defendants Police Officers BRENDAN DOWD and JOHN DOE # 1 and JOHN DOE # 2 and RICHARD ROE (names and number of whom are unknown at present) (hereinafter "Individual Police Defendants"), intentionally, willfully and maliciously assaulted, battered, and injured Plaintiff and subjected Plaintiff to the intentional use of excessive force while other unidentified members of the NYPD aided and abetted said actions by Defendant DOWD and John Doe #1 and John Doe #2 and acted with

deliberate indifference in failing to intervene and protect Plaintiff. This action also asserts various State Law claims.

2. Defendant CITY OF NEW YORK ("CITY") is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, an agency of Defendant CITY.

3. As a result of the aforementioned constitutional violations, Plaintiff suffered physical, emotional, mental and psychological injury, pain and suffering.

**JURISDICTION**

4. This action is brought pursuant to 42 U.S.C. §§1983, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

**VENUE**

6. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

**PARTIES**

7. Plaintiff JOHN BURKE is and was at all times relevant herein a resident of the County of Suffolk, State of New York.

8. Defendant CITY is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD

9. Defendant BRENDAN DOWD, shield # 26663, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On April 26, 2011, he was assigned to the Mid-town North Precinct. He is being sued in his individual capacity.

10. Defendant JOHN DOE # 1, shield # unknown, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On April 26, 2011 he was assigned to the Mid-Town North Precinct. He is being sued in his individual capacity.

11. Defendant JOHN DOE # 2, shield # unknown, is and was at all times relevant herein an officer, employee, and agent of the NYPD. On April 26, 2011, he was assigned to the 20th Precinct. He is being sued in his individual capacity.

12. New York City Police Officers John Doe #s 2-10 and Richard Roe(s) (names and shield numbers of whom are unknown at present), and other unidentified members of the NYPD, are and were at all times relevant herein officers, employees and agents of the NYPD. Officers John Doe #1 and John Doe # 2, and John Doe #s 3-10 and Richard Roe(s) are being sued herein

in their individual capacities for their participation in the false arrest, malicious prosecution, and excessive force against Plaintiff.

13. New York City Police Supervisors and Commanders Richard Roes are and were at all times relevant herein officers, employees and agents of the NYPD and were involved in the false arrest and malicious prosecution of Plaintiff. They are sued individually and in their official capacities for their participation in the false arrest and malicious prosecution of Plaintiff.

14. Each and all of the acts of the Defendants alleged herein were undertaken by said individual Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of the City of New York and/or the NYPD when engaging in the conduct described herein.

15. At all times relevant herein, the individual Defendants acted for and on behalf of the City of New York and/or the NYPD in furtherance of their employment by Defendant CITY, with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

## STATEMENT OF FACTS

16. On April 26, 2011, in the early evening, Plaintiff was walking with two friends in or about the vicinity of 57th Street and Tenth Avenue in Manhattan, New York, New York, when they were approached by three plainclothes officers of the New York City Police Department, to wit, Defendants DOWD and John Does # 1 and # 2.

17. At said time and place said officers, without the consent of the Plaintiff, patted the outside of Plaintiff's pants pockets and reached into Plaintiff's pockets and searched Plaintiff's

person without either reasonable suspicion or probable cause. Plaintiff was not in possession of any contraband or any illegal substance or object.

18. Without probable cause the said individual police officers, defendants DOWD and John Doe # 1 and John Doe # 2, then arrested Plaintiff and moved to place handcuffs on the Plaintiff. When the Plaintiff asked to see the officers' badges, he was tackled and thrown to the ground by the officers.

19. In using excessive force and in tackling the Plaintiff and throwing Plaintiff to the ground, the Defendants officers DOWD and John Doe # 1 and John Doe # 2 broke and fractured Plaintiff's collarbone and caused Plaintiff to suffer other injuries as set forth in this Complaint.

20. The said officers then placed the Plaintiff in handcuffs and transported him to the Mid-town North Precinct where Plaintiff was fingerprinted and photographed and was held in custody and detained for several hours continuing on or about into April 27, 2011.

21. At the precinct, Plaintiff was denied any medical treatment, despite his request for said treatment.

22. At about and after midnight, Plaintiff was given a desk appearance ticket, charging him with a violation of New York Penal Law Section 205.30 (resisting arrest, a Class "A" misdemeanor) and requiring his appearance in Criminal Court of the City of New York on May 27, 2011, and released.

23. On May 27, 2011, Plaintiff appeared with counsel in Criminal Court as directed in the desk appearance ticket. On that date Plaintiff was advised that he would be notified when it was necessary for him to return to Criminal Court.

24. This was Plaintiff's first arrest.

25. Sometime thereafter, Plaintiff received notification that the Office of the District Attorney, New York County, had declined prosecution and that the criminal proceedings and all charges against the Plaintiff had been dismissed..

26. On April 26, 2011, Plaintiff did not commit the crime of Resisting Arrest as charged. In addition, at no point did Plaintiff act suspiciously, commit any crime or do anything that might reasonably have aroused police suspicion or justified the "stop and frisk" and the arrest of the Plaintiff.

27. Despite having no probable cause to arrest and prosecute Plaintiff, the individual Defendants and other New York City Police, Supervisors and Commanders Richard Roe(s) who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

**Plaintiff's Injuries and Damages**

28. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

(1) Suffered severe emotional distress and mental anguish and pain;

(2) Suffered psychological injuries;

(3) Suffered physical injuries;

(4) Was denied his State and Federal constitutional rights and liberties;

(5) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

(6) Incurred legal fees;

(7) Lost earnings; and

(8) Incurred other items of attendant damages.

## I. FEDERAL CLAIMS

**FIRST CAUSE OF ACTION**

**Unlawful Seizure/Violation of Plaintiff's Constitutional Rights**

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 28 with the same force and effect as if more fully set forth at length herein in this paragraph.

30. The Individual Police Defendants DOWD, John Doe # 1 and John Doe # 2 and others, who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

**SECOND CAUSE OF ACTION**

**Malicious Prosecution/Fourth Amendment Rights**

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 30, with the same force and effect as if more fully set forth at length herein in this paragraph.

32. The acts and conduct of the Individual Police Defendants DOWD, John Doe # 1 and John Doe # 2 and others constitute malicious prosecution under the Fourth Amendment to the Constitution of the United States. The Individual Police Defendants and others commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of

probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff when thereafter prosecution was declined and all charges against Plaintiff were dismissed.

**THIRD CAUSE OF ACTION**

**Excessive Force/Violation of Plaintiff's Fourth and FIFTH Amendment Rights**

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein in this paragraph.

34. The use of excessive force by the Individual Police Defendants DOWD and John Doe # 1 and John Doe # 2 in tackling Plaintiff, throwing Plaintiff to the ground and breaking and fracturing Plaintiff's collarbone was an objectively unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth Amendment of the United States Constitution.

35. The Individual Police Defendants DOWD and John Doe # 1 and John Doe # 2 violated Plaintiff's rights under the Fourth Amendment in acting with deliberate indifference in failing to intervene and protect Plaintiff. Defendants knew that Plaintiff was going to be subjected to a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm.

**II. STATE LAW CLAIMS**

**FOURTH CAUSE OF ACTION**

**Assault**

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 35 with the same force and effect as if more fully set forth at length herein in this paragraph.

37. On July 22, 2011, a Notice of Claim together with a notice to sue was duly served upon the CITY within 90 days after the cause of action of the Plaintiff accrued.

38. More than 30 days have elapsed since service upon the CITY of the Notice of Claim and notice of intention to sue.

39. The CITY and its Comptroller have failed, neglected and refused to pay, settle, compromise, or adjust Plaintiff's claim.

40. This action has been commenced within one year and ninety days after the cause of action of the Plaintiff accrued.

42. The Plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

43. Defendants DOWD and John Doe # 1 and John Doe # 2, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to Plaintiff, and that such act(s) caused apprehension of such contact in Plaintiff.

44. Defendants DOWD and John Doe # 1 and John Doe # 2 were at all times agents, servants, and employees acting within the scope of their employment by the CITY, which is therefore responsible for their conduct.

45. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**FIFTH CAUSE OF ACTION**

**Battery**

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein in this paragraph.

47. Defendants DOWD and John Doe # 1 and John Doe # 2 acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner forcibly touched Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

48. Defendants DOWD and John Doe # 1 and John Doe # 2 were at all times, agents, servants, and employees acting within the scope of their employment by the CITY, which is therefore responsible for their conduct.

49. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SIXTH CAUSE OF ACTION**

**FALSE IMPRISONMENT**

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 49 with the same force and effect as if more fully set forth at length herein in this paragraph.

51. Defendants DOWD and John Doe # 1 and John Doe # 2 had no legitimate or justifiable basis on which to arrest the Plaintiff and the arrest of the Plaintiff was illegal and without probable cause.

52. Defendants DOWD and John Doe # 1 and John Doe # 2 acting within the scope of their employment, intentionally, willfully, and maliciously arrested Plaintiff and held Plaintiff and caused Plaintiff to be held in custody.

53. Defendants DOWD and John Doe # 1 and John Doe # 2 were at all times, agents, servants, and employees acting within the scope of their employment by the CITY, which is therefore responsible for their conduct.

54. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**SEVENTH CAUSE OF ACTION**

**Malicious Prosecution**

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 54 with the same force and effect as if more fully set forth at length herein in this paragraph.

56. The defendants DOWD and John Doe # 1 and John Doe # 2 caused a criminal proceeding to be instituted and continued against the Plaintiff without probable cause and with malice.

57. The said criminal proceeding was terminated in favor of the Plaintiff. The prosecution was declined and all charges against the Plaintiff were dismissed by the Court on motion of the District Attorney.

58. Defendants DOWD and John Doe # 1 and John Doe # 2 were at all times, agents, servants, and employees acting within the scope of their employment by the CITY, which is therefore responsible for their conduct.

59. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**EIGHTH CAUSE OF ACTION**

**Negligent Hiring, Retention, Training and Supervision**

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 59 with the same force and effect as if more fully set forth at length herein in this paragraph.

61. The individually named Defendants are agents, servants and/or employees of the CITY, and thus, are agents, servants and/or employees of Defendant CITY.

62. Defendant CITY was negligent, careless and reckless in it hiring, training, retention, discipline and supervision of its agents, servants and/or employees, specifically the individually named defendants and other personnel of the NYCDOC.

63. The acts and/or omissions of the individually named Defendants and other employees who participated in the incident involving Plaintiff as stated herein were the results of Defendant CITY's negligence, carelessness and recklessness in its hiring, training, retention, discipline and supervision of its agents, servants and/or employees.

64. As a result of defendant CITY's acts and/or omissions constituting negligent, careless and reckless hiring, training, retention, discipline and supervision, Plaintiff suffered irreparable injuries including, but not limited to, physical, emotional and mental anguish and pain; denial of

State and Federal constitutional rights and liberties; damage to reputation; ridicule, public shame, disgrace and humiliation; expenditure of legal fees; and continuing emotional and mental anguish and pain.

65. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

**JURY DEMAND**

66. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. For compensatory damages in an amount to be determined;

b. For punitive damages in an amount to be determined;

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to § 1988 and this Court's discretion;

d. For pre-judgment interest as allowed by law; and

e. For such other and further relief as this Court may deem just and proper.

DATED: April 24, 2012
New York, New York

Yours, etc.

DOAR RIECK KALEY & MACK

By: JOHN KALEY (JK: 3598)
217 Broadway, Suite 707
New York, New York 10007
(212) 619-3730

TO: CITY OF NEW YORK
c/o Corporation Counsel
100 Church Street
New York, New York 10007

POLICE OFFICER BRENDAN DOWD (26663)
Mid-town North Precinct
360 West 54th Street
New York, New York 10019